**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GILBERTO FRANCO**                                                    **CIVIL ACTION**

**VERSUS**                                                                        **No. 06-2754**

**LOUIE L. TEASDALE AND HOME STATE**
**COUNTY MUTUAL INSURANCE COMPANY, d/b/a**
**SAFECO INSURANCE COMPANY**                          **SECTION I/3**

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Gilberto Franco.

Plaintiff seeks to remand this action to the state court from which it was removed pursuant to 28

U.S.C. §§ 1441 and 1447(d).  For the following reasons, plaintiff's motion to remand is

**DENIED**.

### *BACKGROUND*

On or about January 7, 2006, plaintiff, Gilberto Franco, was allegedly injured when the

vehicle he was driving was struck by a vehicle operated by defendant Louie L. Teasdale

("Teasdale").  Plaintiff's vehicle was stopped at the traffic signal on eastbound U.S. 90-B near

Stumpf Boulevard, in Gretna, Louisiana, when Teasdale allegedly failed to stop and struck

plaintiff's vehicle from behind.  At the time of the accident, Teasdale held a liability insurance

policy issued by defendant, Home State Insurance Company, d/b/a Safeco Insurance Company

1

("Safeco"), which provided coverage for injuries and damages caused by Teasdale in the operation of the insured vehicle.[1]

On April 18, 2006, plaintiff filed this action in the 24th Judicial District Court for the Parish of Jefferson against Teasdale and Safeco alleging that Teasdale's negligence caused Teasdale to strike the rear of the plaintiff's vehicle.[2]  On May 22, 2006, defendants removed this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]  On June 8, 2006, plaintiff filed the instant motion to remand, arguing that this Court lacks subject matter jurisdiction over this action because the jurisdictional amount is not present.[4]

## LAW AND ANALYSIS

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).  In order to determine whether jurisdiction exists, a court will consider the claims in the state court pleadings as they existed at the time of removal.  *See id.*;  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Any ambiguities are strictly construed in favor of remand.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Once diversity jurisdiction has attached, it cannot be subsequently divested by the voluntary reduction of the amount in

---

[1]Rec. Doc. No. 1-2, pp. 1-3.

[2]Rec. Doc. No. 1-2, p. 1.

[3]Rec. Doc. No. 1-1.

[4]Rec. Doc. No. 5-1, p. 1.

controversy below the jurisdictional limit. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290, 58 S. Ct. 586, 590-91, 82 L. Ed. 844, 849 (1938) (footnote omitted); *Cavallini*, 44 F.3d at 264*; Reisman v. N.H. Fire Ins. Co.*, 312 F.2d 17, at *19 (5th Cir. 1963).

Federal courts have original jurisdiction over cases between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.[5] Louisiana plaintiffs, however, are ordinarily prohibited from specifying a monetary amount of damages in their state court petitions. La. Code Civ. Proc. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) ("*De Aguilar I*")). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Once a defendant has made such a showing, diversity jurisdiction may be defeated only if the plaintiff demonstrates to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *see Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995). The Fifth Circuit has emphasized that "'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d

---

[5]It is undisputed that complete diversity of citizenship exists in this case. Rec. Doc. No. 6, p. 2.

at 869 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1993) ("*De Aguilar II*")). One such way for a plaintiff to satisfy the legal certainty test is to file a binding stipulation or affidavit with the *original* complaint.  *See De Aguilar II*, 47 F.3d at 1412.  After a defendant has removed the case, however, later filings are typically irrelevant.  *Id.*; *Candies v. Monsato Co.*, No. 97-2313,1998 WL 57055, at *1 (E.D. La. Feb. 11, 1998) (Sear, C.J.).

In similar cases, courts in this district have denied plaintiffs' motions to remand where the plaintiffs have alleged numerous severe injuries such that it is facially apparent that their claims will exceed $75,000.  In *Robinson v. Delchamps, Inc.*, No. 98-0503, 1998 WL 352131 (E.D. La. Jun. 30, 1998) (Duvall, J.), a plaintiff sued for negligence after falling while on the premises of defendant's store.  *Robinson*, 1998 WL 352131, at *1.  In denying the plaintiff's motion to remand, the court noted that the plaintiff alleged nine different types of damages, including physical and mental pain and suffering, loss of income, and medical expenses.  *Id*. Additionally, the court noted that the plaintiff alleged that she would continue to suffer in the future.  *Id*.  Based on its view of the petition and the facts, the court held that the amount in controversy in that case was above the jurisdictional amount.  *Id.*

In *Nelson v. Family Dollar Stores of Louisiana, Inc.*, No. 04-2146, 2005 U.S. Dist. LEXIS 3316, at *2 (E.D. La. Feb. 18, 2005), a plaintiff alleged that the defendant's employee injured her when the employee negligently pushed a hand cart into her while she was shopping, knocking her into nearby shelves.  The plaintiff alleged that she suffered progressive and disabling injuries, including a spinal injury, which caused headaches, dizziness, and blurred vision.  *Id.* at *5.  The plaintiff also sought damages for present and future damages.  *Id*.   Based on these injuries, this Court held that the defendant met its burden of demonstrating that it was

4

facially apparent from the plaintiff's petition that the amount in controversy was likely to exceed $75,000.  *Id.* at *8.

Finally, in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000), the plaintiff alleged that she sustained injuries to her right wrist, left knee and patella, and upper and lower back after falling in the defendant's store.  She claimed damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.  *Id.*  The court held that it was facially apparent that the plaintiff's allegations exceeded $75,000 and affirmed the district court's denial of the plaintiff's motion to remand.  *Id.* at 885-89.

The Court finds *Robinson*, *Nelson*, and *Gebbia* persuasive on the facts presented in this case.  Plaintiff's petition for damages alleges that as a result of defendants' negligence, plaintiff suffered personal injuries and property damages including, but not limited to, "cervical and lumbosacral sprain/strain, left shoulder injury, headaches, Traumatic [sic] involvement of the vertebrae, intervertebral discs, nerves, ligaments and soft tissue of the entire spine."[6]  Plaintiff seeks damages for physical pain and suffering, mental anguish, inconvenience, lost wages, and any and all other damages.[7]  Defendant argues that the plaintiff's allegations make it facially apparent that the amount in controversy is met in this case.[8]  The Court agrees.  The number and nature of the alleged injuries and damages sought weigh in favor of a finding that it is facially

---

[6]Rec. Doc. No. 1-2, p. 2.

[7]Rec. Doc. No. 1-2, p. 2.  Plaintiff also alleges that, as a result of this accident, he "has incurred medical expenses, will incur future medical expenses, has and will sustain prolonged pain and suffering extending to the present day, and has and will sustain loss of enjoyment of life and service to society."  *Id.*

[8]Rec. Doc. No. 6, p. 5.

apparent from plaintiff's petition that the amount in controversy exceeds $75,000.

The only support for plaintiff's motion to remand is his post-removal stipulation to the Court that the amount in controversy does not exceed the $75,000 minimal requirement for federal jurisdiction.[9]  The jurisdictional facts, however, must be judged at the time of removal.  *See De Aguilar II*, 47 F.3d at 1412.  Although a court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time of removal, a court may not consider post-removal events in determining whether the amount in controversy is met.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 & n.18 (5th Cir. 1998);  *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colom. v. Dow Quimica de Colom. S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds, Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).  A subsequent unilateral, post-removal stipulation will not deprive the removal court of jurisdiction.  *St. Paul Mercury Indem. Co.*, 303 U.S. at 290-291, 58 S.Ct. at 590;  *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 WL 32786, at *4 (E.D. La. Jan. 5, 2005) (Porteous, J.); *Gebbia*, 233 F.3d at 883; *Candies,* 1998 WL 57055, at *1.  A unilateral stipulation may, however, be successful in effectuating a remand in cases in which the stipulation is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal.  *Hummel*, 2005 WL 32786, at *2 (citing *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993)).  In the instant case, it is facially apparent that plaintiff's petition for

---

[9]Rec. Doc. No. 5-3, Pl.'s Ex. A.  Plaintiff stipulates that the amount in controversy does not exceed $50,000.  In his petition, however, plaintiff specifically reserves his right to trial by jury.  Rec. Doc. No. 1-2, p. 3.  In the state court in which this action was originally filed, a trial by jury is not available unless the amount of a petitioner's cause of action exceeds $50,000 exclusive of interest and costs. La. Code Civ. Pro. art. 1732(1).  Plaintiff's reservation of his right to a jury trial suggests that his post-removal stipulation attempts to reduce the initial amount in controversy, rather than clarify an ambiguous petition.  *See, e.g.*, *Hummel*, 2005 WL 3278, at *8 (considering the plaintiff's decision not to request a trial by jury when weighing plaintiff's motion to remand) (citation omitted).

damages alleges injuries that exceed the jurisdictional amount.  Consequently, plaintiff's stipulation is insufficient to support remand.

The "legal certainty" standard requires that plaintiff show that state law operates to prevent recovery in excess of the federal jurisdictional amount or that plaintiff is "bound irrevocably" to recover an amount less than the federal jurisdictional amount.  *See De Aguilar II*, 47 F.3d at 1412 & n.10; *Nelson*, 2005 U.S. Dist. LEXIS 3316, at *11 (citation omitted).  Plaintiff has not provided the Court with either.  The Court finds that plaintiff's post-removal stipulation and related arguments fail to meet the "legal certainty" standard that is necessary to defeat this Court's jurisdiction.  The federal jurisdictional amount requirement is met in this case and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand this action for lack of subject matter jurisdiction[10] is **DENIED**.

New Orleans, Louisiana, August __1st__, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[10]Rec. Doc. No. 5.